SIVIA SIVIA, JR., BEN FALEAFAGA, and
FUATA PEPA, Objectors/Plaintiffs

v.

ALAIMALO PEPINE HENRY PORTER and HEIRS,
Claimants/Defendants.

High Court of American Samoa
Land and Titles Division

LT No. 88-81

December 18, 1989

Before KRUSE, Chief Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiff Sivia, Togiola T.A. Tulafono and Roger Hazell
         For Plaintiffs Utu family, Utu Sinagege R.M.
         For Defendants, Charles V. Ala'ilima

In January 1981, Alaimalo Pepine Henry Porter surveyed a certain area of land which he then offered for registration as the individually owned land of "Alaimalo Pepine Henry Porter and his heirs." This offer prompted a number of objections from members of both the Utu family and the Paolo family of Amouli village in the County of Saole, Eastern District. The land, which the parties refer to as "Oloie," is located in Auasi towards the eastern outskirts of Amouli village. The objectors complain that Porter is attempting to claim their respective communal family land. They point to an earlier title dispute which the Court resolved in favor of the Utu and Paolo families against certain people from Aunu'u who laid-claim to a part of Oloie. *Utu and Paolo v. Fonoti*, 1 A.S.R. 208 (1907).

At the time of trial, claimant Porter aborted his claim of individual ownership. In lieu thereof, he sought to establish his family's stake as being one in communal ownership pertaining to the title "Alaimalo." Mr. Porter has, since the commencement of this action, resigned from the title "Alaimalo" in favor of his daughter, Jane, who has joined in these proceedings as the Alaimalo title holder. The Porters are also members of the Utu family; however, they ground their claim to "Oloie" on the basis of an "assignment" of the land made by a former Utu to one Faimafili. They contend that this assignment was in fact an outright transfer of ownership to Faimafili, a taule'ale'a (non-matai) who was at the time rewarded for tautua (traditional services) rendered to Utu. Faimafili is also the father of claimant Alaimalo Pepine Henry Porter.

The Porters further claim that the said Faimafili "created" for himself the matai title "Alaimalo" in 1947 with the blessings of the Utu. The conclusion one is invited to draw from the above is that Faimafili's new found matai status then somehow merged with his estate in the land "Oloie," giving the said land communal status appurtenant to his Alaimalo title, and, therefore, belonging to the Alaimalo family.[1]

---

[1] The offer to pursue his claim as one in "communal" ownership as opposed to

· Counsel for the Paolo family objected strongly against permitting the claimant to suddenly change story in midstream. His clients were not alerted to contest a communal ownership claim. Alternatively, counsel pointed out that the new allegations by the claimant, regarding an assignment by a former Utu, did not take anything away from the Paolo family's entitlement to "Oloie" as established in *Utu and Paolo v. Fonoti, supra.* Utu may not give away what is Paolo's.[2]

For the Utu family, the incumbent senior matai, Utu Sinagege R. Morris, who himself resides on "Oloie," also rejected the Porter's ownership claim and vigorously denied the asserted conveyance. He explained their presence on "Oloie" as stemming from the fact that they are members of the Utu family occupying Utu family property in accordance with custom. Utu further claims that Alaimalo is a lesser matai of the Utu family.

### Discussion

The claim to ownership asserted by the Porters sadly lacked coherence and hence the rather uncertain manner in which their claim evolved in the course of these proceedings. Credibility was immediately at issue with claimant's change of theory. Among other things, a claim to "individual" ownership is a claim to initial clearing of bushland as well as sustained use and occupation of the land thereafter. *See, e.g., Lealaimatafao v. Noa*, 9 A.S.R.2d 39 (1988). The initial clearing of bushland by claimant would, therefore, have been a necessary offer of proof for a claim in individual ownership. Such an offer of proof, however, would be a contradiction of *Utu and Paolo v. Fonoti, supra.* In these circumstances, it is difficult to resist the conclusion that claimant's change in theory was necessitated by the need to be consistent with the holding in *Utu and Paolo v. Fonoti.*

---

"individual" ownership is in essence the same attempt to register the land in favor of the Porter family to the exclusion of the extended Utu family. Registration of title to the land "Oloie" is sought in the name of the "Alaimalo" family. The "Alaimalo" family is none other than the Porter family as the title "Alaimalo" is claimed by the Porters as a creation of their grandfather, Faimafili, and, therefore, as the exclusive reserve of Faimafili's immediate descendants.

[2] Notwithstanding the reasoned submission by counsel, curiosity nonetheless remains aroused with Paolo's admission that none of his family members had, within his time, occupied or maintained crops in the vicinity of Oloie.

The amended claim to communal ownership is, however, without foundation. The claim to an outright assignment, or surrender by Utu of his family's title to "Oloie," in return for services rendered, is not only inconsistent with law but also with custom. Firstly, a matai assignment or designation of family land for the use of a particular family member does not divest the matai of his authority or "pule" over the land. *Toleafoa v. Tiapula*, 7 A.S.R.2d 117 (1988), *aff'd* 12 A.S.R.2d 56 (1989); *Leapaga v. Masalosalo*, 4 A.S.R. 868 (1962); *Pisa v. Solaita*, 1 A.S.R. 520 (1935); *Levu v. Maluia*, 1 A.S.R. 197 (1908). If it were otherwise, there would be very little communal land left, if any, in the territory.

Moreover, a family member's continued right to use and occupy communal land holdings is conditional upon his providing tautua to the matai. *Toeleafoa v. Tiapula, supra.* If, as suggested by claimant, assignments could be construed as out and out grants, then there would be no further need for tautua, for matai, or indeed for a communal way of living and fa'a Samoa.

Finally, claimant's theory of assignment (of communal land) cannot be reconciled with the legislative prohibition against matai alienation of land without compliance with certain statutory procedures, including the approval of the Governor of American Samoa. A.S.C.A. §§ 37.0201 et seq. *See also Teo v. Totoa*, 2 A.S.R. 243 (1947); *Tuafili v. Taape*, 2 A.S.R. 155 (1944).

We sustain the objections and accordingly deny the application by Alaimalo Pepine Henry Porter and his heirs to register title to the land "Oloie."

On the other hand, neither of the objecting families provided a survey delineating the exact extent of their respective claim for the Court's consideration. At the same time the objectors both agree and submit that "Oloie" is a much larger area of land than that considered in *Utu and Paolo v. Fonoti, supra*, and that surveyed by the Porter family. They also both lay claims to greater Oloie, whatever that might be. With regard, therefore, to the respective claims of the Utu and Paolo families, we intimate no opinion beyond this Court's holding in *Utu and Paolo v. Fonoti*.

Judgment accordingly. It is so Ordered.